CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 2 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY LEON YOUNG, | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LORETTA KELLY, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Court Judge |

Gregory Leon Young, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Young challenges the validity of his convictions in the Circuit Court of Henry County. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2004, Young was convicted of bank robbery, use of a firearm, and entering a bank armed with intent to commit larceny. He was subsequently sentenced to a total term of imprisonment of 33 years. Young appealed his convictions in the Court of Appeals of Virginia, arguing four grounds.[1] Finding the evidence sufficient to sustain Young's conviction and that any error by the trial court in refusing Young's proposed jury instructions was harmless, the court denied relief on Grounds I through III and affirmed Young's convictions on October 11, 2005. Young

---

[1] First, Young contended that the evidence was insufficient to prove that a Daisy BB Gun was a "deadly weapon"; second, Young argued that the trial court erred in refusing to grant Young's jury instruction defining "deadly weapon"; third, Young claimed that the trial court erred in refusing to grant Young's proposed jury instruction placing the burden of showing a weapon is deadly on the Commonwealth because it was an incomplete statement of law; and finally, Young alleged that the trial court erred by answering a question from the jury outside the presence of Young and his attorney. Young was granted an appeal on Grounds I and II on December 17, 2004, and was subsequently granted an appeal on Ground III by a three-judge panel on March 24, 2005. Ground IV of the petition was denied on December 17, 2004, and it is this ground that is set forth in the instant petition.

further appealed to the Virginia Supreme Court, which refused the appeal on February 24, 2006. Young did not file a state <u>habeas</u> petition.

Young timely filed the instant petition on January 25, 2007, claiming that "the trial court violated Petitioner's fourteenth and Sixth Amendment right to be present at trial when it answered a question from the jury during deliberation without notifying Petitioner and allowing him the opportunity to respond." Respondent filed a motion to dismiss on February 28, 2007, arguing primarily that Young's claim is procedurally defaulted. Additionally, respondent contends that Young's claim has no factual merit. Young responded on March 15, 2007, and the petition is now ripe for review. The court will include additional facts in its discussion as necessary.

## ANALYSIS

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2254(b). As Young raised claims identical to that contained in the instant petition on direct appeal in the Court of Appeals of Virginia and the Supreme Court of Virginia, Young's claim is properly exhausted.

Where the state court has expressly dismissed claims based on an adequate and independent state ground, such as procedural default, that finding is not subject to review in a federal habeas petition. <u>See</u> <u>Fisher v Angelone</u>, 163 F.3d 835, 844 (4th Cir. 1998). In adjudicating Ground IV of Young's petition on direct appeal – a claim identical to that contained in Young's instant petition – the Court of Appeals of Virginia noted that the trial court's transcript included an alleged note to the judge from the jury, a 5-inch by 7-inch piece of paper containing the handwritten words:

<blockquote>
armed w/ a deadly weapon?<br>
is there another definition?<br>
NO
</blockquote>

2

The Court noted that the sheet of paper was undated, unsigned, and contained no other information or markings. Furthermore, the Court of Appeals of Virginia found that the transcript did not show when and if the jury submitted the question, if and how the trial court responded to the question, and when and if Young or his attorney were aware of or voiced any objection to the question or the answer. The Court cited <u>Justis v. Young</u>, 119 S.E.2d 255, 256-57 (Va. 1961), for the proposition that, "on appeal, the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred . . . [i]f the appellant fails to do this, the judgment will be affirmed."

Holding that, "absent a complete record indicating what, if anything, actually took place between the trial court, the jury and the parties, we are unable to determine whether any error was made," the Court of Appeals of Virginia expressly dismissed Young's claim on the adequate and independent state ground that it was defaulted by Young's failure to preserve the issue for appeal by objecting on the record at trial.[2] As the state court's dismissal was based upon an independent and adequate state procedural rule, the court finds that federal <u>habeas</u> review of Young's claim is barred unless he can show that there is cause for, and actual prejudice from, the default, or actual innocence such that the failure to review the claim would result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 749-50 (1991); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1989); <u>Fisher</u>, 163 F.3d at 844-45.

---

[2] The Court of Appeals of Virginia relied on Rule 5A:18 of the Rules of the Virginia Supreme Court, which states, in pertinent part,

> [n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

3

Young's pleadings do not include any contentions that there is cause for the default. He instead claims that the procedural default rules do not apply to him, despite citing a case from another jurisdiction that holds that the rules do, in fact, apply to his precise situation.[3] As Young fails to allege any cause, the court finds that Young has not established cause for his procedural default nor has he established actual prejudice resulting from that default.

In order to demonstrate actual innocence, Young must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); see also Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). Young does not assert in his petition that he is actually innocent, nor does he present any new evidence that would tend to suggest his innocence. Accordingly, the court concludes that Young fails to demonstrate "actual innocence" so as to excuse his procedural defaults.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This _20th_ day of July, 2007.

_(signature)_

_____
United States District Judge

---

[3] Young cites Johnson v. Smith, 219 F. Supp. 2d 871 (E.D. Mich. 2002). Young purports that the case is from the United States Court of Appeals for the Fourth Circuit; however, the case is from the Eastern District of Michigan.

4